UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>                   Petitioner,<br><br>       v.<br><br>STU SHERMAN, Warden,<br><br>                   Respondent. | Case No. EDCV 20-02095 CJC (RAO)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I.  BACKGROUND

On October 5, 2020, petitioner Frank Monaco Bazzo ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner seeks habeas relief from his current state custody arising from his 2008 conviction in Riverside County Superior Court.  (Pet. at 1, Dkt. No. 1.)

The records of this Court establish that Petitioner has instituted at least four prior habeas actions concerning his 2008 conviction.  *See Bazzo v. Asuncion*, No. 5:17-cv-01583-CJC-RAO (C.D. Cal. filed Aug. 7, 2017); *Bazzo v. Asuncion*, No. 5:16-cv-02000-CJC-DTB (C.D. Cal. filed Sept. 20, 2016); *Bazzo v. Asuncion*, No. 5:16-cv-01403-CJC-DTB (C.D. Cal. filed June 29, 2016); *Bazzo v. Soto*, No.

5:12-cv-02112-CJC-DTB (C.D. Cal. filed Nov. 30, 2012).[1] In Petitioner's three most recent habeas actions, the petition was denied as an unauthorized second or successive petition. *See* Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Jurisdiction, *Bazzo v. Asuncion*, No. 5:17-cv-01583-CJC-RAO (C.D. Cal. Aug. 11, 2017), ECF No. 3; Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction, *Bazzo v. Asuncion*, No. 5:16-cv-02000-CJC-DTB (C.D. Cal. Oct. 4, 2016), ECF No. 3; Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction, *Bazzo v. Asuncion*, No. 5:16-cv-01403-CJC-DTB (C.D. Cal. July 15, 2016), ECF No. 5.

A review of the instant Petition demonstrates that Petitioner again seeks federal habeas relief concerning the same 2008 conviction. (Pet. at 1.) Neither the Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court.

## II. DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in §

---

[1] The Court takes judicial notice of these court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein. *See* Fed. R. Evid. 201(b)(2); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that Petitioner's present Petition is clearly a "second or successive" habeas petition. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not sought and been granted authorization by the Ninth Circuit to file a successive petition to raise his claims.

Petitioner's arguments regarding California Senate Bill No. 1437, which was subsequently enacted into law, and his assertions that he is innocent of the charges on which he was convicted suggest that Petitioner attempts to fall within one of the 28 U.S.C. § 2244(b)(2) exceptions to the successive-petition bar. Regardless, Petitioner still must first present any such claim to the Ninth Circuit, not this Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition.

### III. CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

### IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: October 9, 2020

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE